IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| A.R., | : | |
| Plaintiff, | : | |
| v. | : | Case No: 4:18-CV-239 MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner' decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A plaintiff seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq.*; 20 C.F.R. § 416.101 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1). First, the Commissioner determines whether the Plaintiff is working. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is "working and the work [the plaintiff is] doing is substantial gainful activity," the Commissioner will find that the Plaintiff is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A plaintiff must have a "severe impairment" which is one that "significantly limits [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the Regulations (the "Listing"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Fourth, the Commissioner determines whether the plaintiff's residual

3

functional capacity ("RFC") can meet the physical and mental demands of past work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth and finally, the Commissioner determines whether the plaintiff's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. 20 C.F.R. §§ 404.1523(c), 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 805-06 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on June, 2014, alleging he became disabled to work on October 1, 2013. Tr. 77 He also applied for supplemental security income on July 2, 2014, and alleged disability beginning on October 1, 2013 as well. Tr. 83. His applications were denied initially on September 19, 2014, and on reconsideration on November 20, 2014. Tr. 112, 117, 129, 132. He timely requested an evidentiary hearing before an ALJ on December 16, 2014, and hearings were held on January 10 and June 27, 2017. Tr. 34, 68. Plaintiff appeared at the first hearing and sought time to secure counsel. Tr. 70-75. His request was granted. Tr. 75. At the second hearing, Plaintiff again appeared, this time with his attorney, and gave testimony, as did an impartial vocational expert ("VE"). Tr. 20. On December 21, 2017, the ALJ issued an unfavorable decision denying Plaintiff's claims. Tr. 17-33. He next sought review by the Appeals Council, but was denied on October 30, 2018. Tr. 1-8. Having exhausted the administrative remedies

available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his claims. This action is ripe under 42 U.S.C. § 405(g).

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was forty-six years old on the date he claims he became disabled. Tr. 233. He has a high school education and past relevant work as a cook, forklift operator, kitchen helper, industrial cleaner, hand packager, food salesclerk, and general hardware salesperson. Finding 7, Tr. 27-8. In his applications, he alleged he is disabled due to lower-back issues. Tr. 267.

In conducting the five-step sequential analysis of Plaintiff's claims as prescribed by the Commissioner's regulations, the ALJ found, at step two, that he has severe impairments of arthritis of the lumbar spine and left shoulder, and obesity. Finding 4, Tr. 23. At step three, she further found that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 5, Tr. 24. Between steps three and four, the ALJ assessed him as having the RFC to engage in medium work, with only a single limitation to no more than occasional overhead reaching with his non-dominant arm. Finding 6, Tr. 24-27. At step four, she found that Plaintiff's RFC permits him to return to his past relevant work. Finding 7, Tr. 27-28. She therefore found him to be not disabled. Finding 8, Tr. 28.

5

# DISCUSSION

## I. Opinions of Physician and Physical Therapist

Plaintiff first contends that the ALJ erred in failing to set out an adequate rationale for her assignment of weight to the medical opinions of Srividya Nukula, M.D. and Steven C. Young, a physical therapist. Pl.'s Br. in Supp. of Compl. 3-7, ECF No. 16. The opinion of Dr. Nukula at issue is a March 13, 2017, letter with no specific addressee. Tr. 438. The letter simply says, in its entirety:

> This is to state that [Plaintiff] is my patient and suffers from chronic low back pain. X rays were done which showed arthritis. He has been to physical therapy without much relief. He continues to use medicines for pain. The above condition impairs his ability to sit and stand for a prolonged period of time thus affecting his ability to work.

Tr. 438. The ALJ discussed this opinion and specifically gave it little weight. Tr. 26. Even if the statement were fully credited and given controlling weight, it is not disabling. Nowhere does it say that Plaintiff is precluded from work. Tr. 438. The statement that Plaintiff's condition is "affecting his ability to work" is a mere conclusion unsupported by references to exertional or postural limitations caused by his alleged back pain. The ALJ properly gave the opinion little weight because there is nothing in the medical record to bolster it. The opinion also fails to explain what testing or examination techniques caused the doctor to conclude that Plaintiff's ability to work is affected or to what extent. When a treating physician offers an opinion which is unsupported by objective medical evidence or is merely conclusory, it may be disregarded. *Johns v. Bowen,* 821 F.2d 551, 555 (11th Cir. 1987) (citations omitted). A treating physician's opinion which is so brief or conclusory that it lacks persuasive weight or is unsubstantiated by any clinical or laboratory

6

findings may be rejected. *Hudson v. Heckler,* 755 F.2d 781, 784 (11th Cir. 1985). The ALJ did not err in giving Dr. Nukula's statement only little weight.

The ALJ also did not err in her consideration of the statement given by the physical therapist. She first correctly determined that a physical therapist is not an acceptable medical source under 20 C.F.R. §§ 404.1513, 404.1527(c), 416.913, and 416.927(c). Tr. 26. The conclusions of the physical therapist are also contradicted by an examining physician. Andre Haynes, M.D. conducted a clinical examination of Plaintiff on August 21, 2014, and found him only "mildly impaired" in performing specific "work-related exertions, such as bending, stooping, lifting, walking, crawling, squatting, carrying, traveling, pushing and pulling heavy objects." Tr. 356. In light of this opinion by an examining physician, the ALJ's decision to afford only little weight to the conclusions offered by the physical therapist is not error. *Freeman v. Barnhart,* 220 F. App'x 957, 960 (11th Cir. 2007) (per curiam). Therefore, Plaintiff's first claim of error is without merit.

## II. Sufficiency of Evidence

Plaintiff's second contention is that the ALJ chose facts from the evidence to support her conclusion that he is not disabled and discredited other evidence. Pl.'s Br. in Supp. of Compl. 7-8. The medical record here is very small, barely exceeding two hundred pages in support of a claim for disability since 2013—a period of over six years. This includes numerous pages related to administrative matters and billing. What objective evidence is available does not support Plaintiff's claim for benefits. *See, e.g.,* Tr. 341-46, 349-51. Radiology records from views taken on August 6, 2014, show only stable degenerative changes to the back with no apparent spondylosis or spondylolisthesis. Tr. 364. Plaintiff

has the burden of proving that he is disabled to work. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ concluded that he failed to do so. Finding 8, Tr. 28. It is not the role of the Court to decide the facts anew or reweigh the evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Because the Commissioner's decision is well supported by substantial evidence, it must be affirmed. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-1159 (11th Cir. 2004). Plaintiff's second claim of error lacks merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO RECOMMENDED, this 19th day of August, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE